UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NICHOLAS MARTONE, WAYNE MASKIELL,
MICHAEL DRAGONE, PETER MUSCHTER,
THOMAS MILLER and CHARLES LAMANTIA,
as Trustees of the UNITED UNION OF ROOFERS,     REPORT AND
WATERPROOFERS, AND ALLIED WORKERS     RECOMMENDATION
LOCAL 154 WELFARE, PENSION, ANNUITY
and APPRENTICESHIP AND TRAINING     03 CV 4165 (NGG)(RML)
FUNDS,

                     Plaintiffs,

    -against-

HST ROOFING, INC., HARVEY SULTAN,
individually, and TWIG ROOFING, INC.,

                     Defendants.
-------------------------------------------------------------X

LEVY, United States Magistrate Judge:

        By order dated September 25, 2006, the Honorable Nicholas G. Garaufis, United States District Judge, referred plaintiffs' motion for attorney's fees and costs to me for a Report and Recommendation. For the reasons stated below, I respectfully recommend that plaintiffs be awarded $5,500 in attorney's fees, $600 in costs, and $4,940 in auditor's fees, for a total of $11,040.

## PROCEDURAL BACKGROUND AND FACTS

        Plaintiffs, trustees of the Local 154 Welfare, Pension, Annuity, Apprenticeship and Training Funds (the "Funds"), commenced this action in August 2003 for delinquent fringe benefit contributions, pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA") and section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185 (the "Taft-Hartley Act").

Defendant Twig Roofing, Inc. ("defendant" or "Twig Roofing"), which was named as a defendant in plaintiffs' First Amended Complaint, is allegedly the alter-ego of HST Roofing, Inc. ("HST"), a New York corporation that entered into Collective Bargaining Agreements with the United Union of Roofers, Waterproofers and Allied Workers Local 154 (the "Union") in 1999 and 2002. (See First Amended Complaint, dated Jan. 10, 2005 ("First Am. Compl."), ¶¶ 11-12, 24-26; Affirmation of Robert C. Angelillo, Esq., dated Mar. 14, 2006 ("Angelillo Aff."), Ex. A.) Under the terms of the Collective Bargaining Agreements, HST was obligated to pay benefit contributions to the Funds for all roofing work performed by HST's employees. (First Am. Compl. ¶¶ 11-12; Angelillo Aff., Ex. A.)

Twig Roofing failed to answer the First Amended Complaint or otherwise appear in this action. Accordingly, by order dated February 24, 2006, Judge Garaufis granted plaintiffs' motion for a default judgment against Twig Roofing, awarding plaintiffs $853,315.26 in unpaid employee benefit contributions, plus interest and liquidated damages, for a total of $1,144,864.65 as of February 28, 2006. (See Default Judgment, dated Feb. 24, 2006.) Plaintiffs now seek an award of reasonable attorney's fees, audit fees and costs, pursuant to ERISA, 29 U.S.C. § 1132(g)(2)(D) and the Collective Bargaining Agreements.

**DISCUSSION**

    A. <u>Attorney's Fees and Costs</u>

As the prevailing party, plaintiffs move pursuant to 29 U.S.C. § 1132(g)(2)(D) for $28,738.00 in attorney's fees and $2,588.34 in costs. Plaintiffs support their fee request with

contemporaneous time records. (See Angelillo Aff., Ex. C.)[1]

"The determination of a reasonable fee award under Section 1332(g)(2)(D) of ERISA lies within the sound discretion of the district judge." Meehan v. Gristede's Supermarkets, Inc., No. 95 CV 2104, 1997 WL 1097751, at *5 (E.D.N.Y. Sept. 25, 1997) (internal quotes and citation omitted); see also Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1159 (2d Cir. 1994). The Second Circuit has adopted the lodestar method for determining the fee amount in ERISA actions. See Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1058-59 (2d Cir. 1989). Under this method, "[a] district court determines the proper amount of the fee by multiplying 'all reasonable hours expended by the prevailing party's attorney by a reasonable hourly rate.'" Bourgal v. Atlas Transit Mix Corp., No. 93-CV-569, 1996 WL 75290, at *6 (E.D.N.Y. Feb. 7, 1996) (citing Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992); DeFilippo v. Morizio, 759 F.2d 231, 234 (2d Cir. 1985)).

Courts determine the reasonable hourly rate by looking to the hourly rate "'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" Id. (quoting Miele v. N.Y. State Teamsters Conf. Pension & Retirement Fund, 831 F.2d 407, 409 (2d Cir. 1987)). Determination of the prevailing market rates may be based on evidence presented or a judge's own knowledge of hourly rates charged in the community. See Chambless, 885 F.2d at 1058-59. Here, I find plaintiff's counsel's hourly rates, ranging from $100 for paralegals to $350 for a senior partner, reasonable and in line with rates awarded in this area to counsel with comparable experience. See, e.g., Sheehan v.

---

[1] In the Second Circuit, applications for attorney's fees must be supported by contemporaneous time records specifying "relevant dates, time spent and work done." Broadcast Music, Inc. v. R Bar of Manhattan, Inc., 919 F. Supp. 656, 661 (S.D.N.Y. 1996).

Metropolitan Life Ins. Co., 450 F. Supp. 2d 321, 328 (S.D.N.Y. 2006) (awarding $425 hourly rate for senior partner in ERISA case and approving hourly rates of $375 for junior partner, $300 for associates, and $150 for paralegals); King v. JCS Enters., Inc., 325 F. Supp. 2d 162, 170 (E.D.N.Y. 2004) (awarding hourly rates ranging from $70 for assistants to $295 for a partner in ERISA case); T & M Meat Fair, Inc. v. United Food and Commercial Workers, Local 174, No. 00 CIV. 7968, 2002 WL 31202711, at *4 (S.D.N.Y. Sept. 25, 2002) (plaintiffs' counsel's hourly rate of $250 held reasonable in ERISA case).

As for the number of hours expended, courts uphold fee requests in ERISA cases when they determine that such fees are "reasonable." See Rivera v. Benefit Trust Life Ins. Co., 921 F.2d 692, 698 (7th Cir. 1991). "The number of hours spent on litigation and the staffing pattern utilized is unreasonable if it is excessive, redundant or otherwise unnecessary." Bourgal, 1996 WL 75290, at *7 (citing Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 150 F.R.D. 29, 35 (E.D.N.Y. 1993)). Plaintiff's counsel, Meyer, Suozzi, English & Klein, P.C. ("Meyer, Suozzi"),[2] seeks compensation for a total of 141.1 hours of attorney time. (See Angelillo Aff., Ex. C.) Counsel's work included drafting and editing the First Amended Complaint, preparing affidavits of service, drafting correspondence, attending court conferences, conducting discovery, and preparing the default judgment submissions. (Id.) I find this number of hours excessive.

Primarily, plaintiffs have not met their burden of showing that they are entitled to attorney's fees from this defaulting defendant for work performed with respect to the other

---

[2] By stipulation dated October 10, 2006, the law firm of Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC was substituted as counsel for plaintiffs in this action.

named defendants. Instead, plaintiffs seek a fee award that reflects compensation for *all* of the time Meyer, Suozzi spent on this case as a whole from February 2005 to March 2006, the bulk of which pertained to defendants HST and Harvey Sultan, against whom this case is still pending.[3] Having carefully reviewed plaintiffs' counsel's records, I recommend that plaintiffs be awarded $5,500 in attorney's fees from Twig Roofing, representing twenty hours of attorney time at the rate of $250 per hour and five hours of paralegal time at the rate of $100 per hour.[4]

Plaintiffs also seek costs in the amount of $2,588.34. (Id., Ex. D.) A court will generally award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee paying clients." Reichman v. Bonsignore, Brignati & Mazzotta, P.C., 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks and citation omitted). "A prevailing party may be reimbursed for expenditures which add to the proceeding and are not part of the attorney's ordinary overhead." New York State Nat'l Org. for Women v. Terry, 737 F. Supp. 1350, 1363 (S.D.N.Y. 1990), aff'd in part, rev'd in part on other grounds, 961 F.2d 390 (2d Cir. 1992), cert. granted, judgment rev'd on other grounds sub nom. Pearson v. Planned Parenthood Margaret Sanger Clinic (Manhattan), 507 U.S. 901 (1993). Here, the expenditures are for filing fees, service of process, photocopying, overnight mail, travel expenses, computerized research,

---

[3] To be sure, Twig Roofing has been held liable, as an alter ego, for the full amount of HST's unpaid contributions. Nonetheless, plaintiffs cite no authority, and this court is aware of none, for the proposition that a defaulting defendant is responsible for its alter ago's obligation to pay attorney's fees and costs under ERISA. Therefore, as the fee applicants, plaintiffs have not met their burden of establishing the reasonableness of their request.

[4] See, e.g., LaBarbera v. Liepper & Sons, Inc., No. CV-06-137, 2006 WL 2423420, at *5 (E.D.N.Y. July 6, 2006) (finding 17.17 hours reasonable in ERISA default judgment case); Del Turco v. Carrara Contractors, Inc., No. 03 CV 5538, 2006 WL 1783632, at *3-4 (E.D.N.Y. June 23, 2006) (compensating plaintiffs' counsel for 25.05 hours of attorney time and 2.6 hours for legal assistants in ERISA default judgment case.)

DMV fees and witness fees. Although no explanation accompanies plaintiffs' application, it seems clear that most of these expenses do not relate directly to Twig Roofing, which never answered or appeared in this action.[5] I therefore respectfully recommend that plaintiffs be awarded $600 in costs from this defendant, representing the filing fee, the cost of service of process, and a modest amount of computerized research and photocopying.

B. Auditor Fee

Lastly, plaintiffs seek to recover an auditor fee of $4,940. Auditor fees are provided for under Article XII, Section 5 of the Collective Bargaining Agreement (see Angelillo Aff., Ex. A at 26), and plaintiffs have supported the request with a Compliance Audit Report, which shows that plaintiffs engaged a certified public accountant to conduct an audit that included a review of HST's payroll records and other related data for the period of January 1, 1999 through June 30, 2002. (Id., Ex. E.) The audit took two months to complete and revealed a discrepancy of $505,616.23 in unpaid principal. (Id.) I respectfully recommend that plaintiffs' request be granted. See, e.g., Lanzafame v. L & M Larjo Co. Inc., No. 03 CV 3640, 2006 WL 2795348, at *1 (E.D.N.Y. Sept. 26, 2006) (awarding $2,587.50 in audit fees); Morin v. Nu-Way Plastering Inc., No. CV 03-405, 2005 WL 3470371, at *1 (E.D.N.Y. Dec. 19, 2005) (awarding audit costs in the amount of $4,114.31).

**CONCLUSION**

For the foregoing reasons, I respectfully recommend that plaintiffs be awarded (a) $5,500 in attorney's fees; (b) $600 in reasonable costs; and (c) $4,940 in auditor's fees. This

---

[5] For example, plaintiffs seek $1,766.03 in photocopying costs. (See Angelillo Aff., Ex. D.) Obviously, plaintiffs could not have incurred that cost with respect to a defendant that never appeared.

brings the total amount owed to $11,040. Any objections to this Report and Recommendation must be filed with the Clerk of Court, with courtesy copies to Judge Garaufis and to my chambers, within ten (10) business days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: Brooklyn, New York
          January 22, 2007

                                            Respectfully submitted,

                                               /s/
                                        ROBERT M. LEVY
                                        United States Magistrate Judge